IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1835** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JEFF THOMAS , | : | |
| | : | |
| Respondent | : | |
| | : | |

**REPORT AND RECOMMENDATION**

**I.    Procedural Background.**

On September 22, 2014, Petitioner Clarence Schreane, an inmate at USP Lewisburg in Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court.[1]  (**Doc. 1**).  Petitioner filed a Motion to proceed *in forma pauperis*. (Docs. 2). We will grant Petitioner's *in forma pauperis* Motion solely for the purpose of filing this action.  We do so since we find that Petitioner has failed to exhaust his administrative remedies in his petition. Petitioner named as Respondent, Jeff Thomas, Warden at USP Lewisburg[2]. (Doc. 1).  The habeas petition has not yet been served on Respondent for a response.  Petitioner also filed a

---

[1] We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28 U.S.C. § 1331, with this Court.  Petitioner also previously filed eight Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241, with this Court.

[2] Insofar as Petitioner has filed a petition for habeas under § 2241, he has named the correct Respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Memorandum of Law in support of his habeas petition together with eighty-six (86) pages of exhibits in support of his petition. (Doc. 3).

Petitioner essentially raises a due process violation regarding a disciplinary action he received for an incident. (Docs. 1, p. 2). According to the Discipline Hearing Officer Report, the incident occurred on February 29, 2014. (Doc. 3-1, p. 15). As Petitioner notes, the report number is 2550915. (*Id.*). Petitioner is challenging a decision from a March 11, 2014 DHO hearing in which the imposed action was to disallow twenty seven (27) days of Good Conduct Time ("GCT") and forfeit twenty (20) days of non-vested GCT. (*Id.*). Petitioner further was placed in disciplinary segregation for thirty (30) days, lost his commissary, telephone and visiting privileges for one hundred eighty days (180) days and had his property and mattress impounded for ninety (90) days. (*Id.*). As relief, Petitioner requests the Court require Mr. Marr to take polygraph examination, expunge the incident report, sanction Mr. Marr for the fabrication of the incident report and transfer Petitioner to another facility. (*Id.*).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**II.     Factual Background**.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the Eastern District of Tennessee.[4]  Pursuant to that conviction, Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years supervised release.  Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003.  After the Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking to appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regard to his sentence.  The District Court for the Eastern District of Tennessee denied that motion as time-barred by the statute of limitations on December 13, 2004.   Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009.  On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit Court of Appeals since he had not received permission to file a successive §2255 motion, as required.  On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals.  Most recently, in May

---

[4]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon.  We accessed the Docket at https://ecf.tned.uscourts.gov.

2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the denial of his § 2255 motion in 2004. The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

As stated, Petitioner also previously filed eight additional petitions for writ of habeas corpus under 28 U.S.C. § 2241 in the Court. (Civil Docket Nos. 13-1643, 13-2478, 13-3009, 13-3110, 14-246, 14-719, 14-1165, 14-1243, all filed in M.D. Pa.). As noted, Plaintiff Schreane has filed at least three prior civil rights actions with this Court, namely, Civil Nos. 10-1765, 11-613, and 13-1057 (M.D. Pa.).

**III.     Discussion.**

Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claims in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Although Petitioner contends that he exhausted his administrative remedies in his petition, Petitioner did not complete the exhaustion requirements as demonstrated by the documents Petitioner attached to his Memorandum as proof of exhaustion. (Doc. 3-1). Petitioner notes that after the DHO decision, he appealed first to the Northeast Regional Office, FBOP and second to the Central Office, FBOP. (Doc. 1, pp. 2-3). Petitioner further states that he did not file any further appeals as it was not required. (*Id.*). The Discipline Hearing Officer Report regarding incident number 2550915 indicates that the date of the decision was April 14, 2014. (Doc. 3-1, pp. 15-21). Petitioner's first appeal to the Northeast Regional Office was rejected on May 13, 2014. (Doc. 3-1, p. 30). Next, Petitioner appealed again to the Northeast Regional Office and

received a decision on June 20, 2014. (*Id.*, pp. 26-27).   Petitioner provides a copy of his appeal to the Central Office dated July 2, 2014. (*Id.*, p. 31).  Petitioner provides a copy of the appeal, but does not provide any documentation of the receipt of the appeal by the Central Office.  Petitioner provides eighty-six (86) pages of exhibits which include letters and appeals to the Solicitor General, the Inspector General and requests regarding the Freedom of Information Act to the Northeast Regional Counsel.  Petitioner has also provided the correspondence from those agencies indicating receipt of his inquiries.  Petitioner does not provide the Part C - Receipt indicating receipt and acceptance of his appeal by the Central Office.

Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and there is no evidence of record that Petitioner completed the exhaustion requirements.  *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Because we construe Petitioner's instant claims as challenging the BOP 's computation of his good conduct time toward his sentence as a result of a disciplinary action, we find that Petitioner  is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*).  Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  The Court requires exhaustion  for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant

the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§ 542.10-542.19. In order to exhaust administrative remedies of a DHO claim, first[5], the inmate must submit a formal, written Administrative Remedy Request to the Regional Director within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the Regional Director's response is due within 30 days. 28 C.F.R. 542.18. Second, if the inmate believes that the BOP Regional Director's response is unsatisfactory, the inmate is entitled to appeal the decision to the General Counsel at the BOP Central Office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id*. If accepted, the General Counsel's response is due within 40 calendar days. 28 C.F.R. 542.18. "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

In light of the foregoing, we will recommend that Petitioner's Habeas Petition be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies regarding the disciplinary action taken against him for misconduct. Petitioner is well aware of the exhaustion requirements as he has been informed by this Court in the previous matters he has filed with this

---

[5]DHO appeals are an exception to the initial informal resolution process required by 28 C.F.R. 542.13. *See* 28 C.F.R. 542.14(d)(2).

Court. Petitioner appears to be attempting to file similar habeas petitions based on disciplinary actions which have previously been dismissed by the Court by providing eighty-six (86) pages of documents for the Court to review which do not all pertain to the DHO appeal which is the subject of his habeas petition and incomplete pertinent information regarding the exhaustion requirements for the Court to review.

**IV.** **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed without prejudice for failure to exhaust administrative remedies, without directing service of it on Respondent. We also recommend that Petitioner's *in forma pauperis* Motion **(Doc. 2)** be granted solely for the purpose of filing this action.

> s/ Thomas M. Blewitt
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: November 13, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1835** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFF THOMAS, | : | |
| Respondent | : | |

**NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

Report and Recommendation dated **November 13, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any
appellate rights.

                                                <u>**s/ Thomas M. Blewitt**</u>
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: November 13, 2014**